**Marc J. Victor, P.L.C.**
**Marc J. Victor – SBN 016064**
Attorney at Law
3920 South Alma School Road, Suite 5
Chandler, Arizona 85248
Telephone: (480) 755-7110; Fax: (480) 755-8286
Attorney for Defendant Benjamin

UNITED STATES OF AMERICA

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-08-00598-06-PHX-JAT |
| Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| v. ) | MEMORANDUM |
| ) | |
| ANDREW BENJAMIN ) | |
| Defendant. ) | |

Defendant, ANDREW BENJAMIN (hereafter "Mr. Benjamin"), by and through undersigned counsel, hereby asks this Court to consider the following mitigating factors in his sentencing for the reasons stated in this motion and the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Argument**

Rather than undermine the seriousness of his conduct, Mr. Benjamin requests this Court consider the following factors in mitigation to his sentence. *See* 18 U.S.C. § 3553 (The court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentence disparities among defendants with similar records who have

been found guilty of similar conduct).

### Nature and Circumstances of the Offense

Although Mr. Benjamin participated in a "cash back" real estate scam, he was only a minor participant in the conspiracy. Out of the 27 homes that were involved, Mr. Benjamin was only involved in the purchase and sale of 3 homes, only one of which went into foreclosure while he was the owner on record. While lenders did experience a loss as a result of the foreclosure on the three homes Mr. Benjamin purchased, much of that loss must be attributed to the decline in the housing market and not directly to Mr. Benjamin's actions. Mr. Benjamin could not have predicted the extreme drop in home values that Arizona has experienced as the housing bubble burst.

### Personal History and Characteristics

Mr. Benjamin's personal history and characteristics reveal that the instant case represents extremely uncharacteristic behavior. Mr. Benjamin is 35 years old and has a steady employment history. Mr. Benjamin has spent many years working in the financial industry without incident. His work history demonstrates a strong work ethic. His family has attested to the fact that this type of behavior is out of character for Mr. Benjamin. Mr. Benjamin has a stable personal history and a secure family life that does not indicate a lack of respect for the law, but rather a temporary lapse in judgment.

Mr. Benjamin was enticed by a market condition and lending practices that made this type of home purchasing possible. He took advantage of what he saw as an easy way to find financial security without contemplating the consequences of his actions. Mr. Benjamin has lost his financial security and is now living paycheck to paycheck again working hard to make ends meet. Mr. Benjamin's spotless personal history could not weigh more heavily in favor of a lenient sentence.

### Acceptance of Responsibility

Mr. Benjamin admits to making a mistake. He deeply regrets his actions and has been cooperative throughout his prosecution. He made a full and complete disclosure to the Probation Department involving the circumstances surrounding the offense and at no point has attempted to

impede or obstruct justice.  He is fully aware of the seriousness of his crime and is willing to accept any punishment this Court feels is necessary.

## The Appropriate Sentence

A sentence of imprisonment would not further any of the purposes set forth in 18 U.S.C. § 3553.  Although he did not previously realize the seriousness of his actions, the ramifications are now painfully clear to Mr. Benjamin.  Mr. Benjamin is already experiencing the severe consequences of his action.  Mr. Benjamin's reputation in the financial world has been irreparably damaged from his involvement in this matter, and his employment opportunities drastically limited. As a result he is experiencing extreme personal financial difficulty.  Due to the fact that the majority of Mr. Benjamin's work experience is in a field that he will now have trouble obtaining employment in his financial troubles are likely to persist.  This alone constitutes just punishment for the offense.  Moreover, it affords adequate deterrence to criminal conduct, as the conviction by itself will have a profound influence on Mr. Benjamin's life.  Because Mr. Benjamin is unlikely to ever again engage in criminal conduct, there will be no further crimes of the defendant from which this Court will need to protect the public, a term of imprisonment is completely unnecessary.

A term of imprisonment would also severely limit Mr. Benjamin's ability to make any type of restitution to the lenders harmed.  Mr. Benjamin is already experiencing financial difficulty which will make restitution a difficult task.   The key reasons for punishment are rehabilitation, deterrence, and incapacitation.  None of these reasons are properly furthered through Mr. Benjamin's imprisonment.  Mr. Benjamin has already experienced enough consequences to deter him from further crimes and his damaged reputation will serve to limit his ability to be involved in this sort of activity again much better than any prison term.

**II.     Conclusion**

Mr. Benjamin fully accepts responsibility for the offense conduct.  However, a sentence involving a term of imprisonment would do nothing to further the purposes set forth in 18 U.S.C. § 3553.  In Mr. Benjamin's case, based on his personal circumstances as well as the circumstance of the offense, a downward departure from the sentencing guidelines is warranted and in the interest

3

of justice.  Mr. Benjamin therefore respectfully requests that this Court consider these mitigating factors in his sentencing and sentence him to a term of probation rather than imprisonment.

RESPECTFULLY SUBMITTED this 21st day of December, 2009.

        __/s/ Marc J. Victor_____
        Marc J. Victor
        Attorney for Defendant Benjamin